■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BURNETT, Also Known as JAMES SMITH, Appellant. [659 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 18, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BURNETT, Also Known as JAMES TAYLOR, Appellant. [659 NYS2d 771] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 26, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury

verdict, and sentencing him to indeterminate terms of 12¹/₂ to 25 years imprisonment for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, respectively, and a determinate term of one year imprisonment for criminal possession of a controlled substance in the seventh degree, to run concurrently with each other but consecutively to a sentence imposed by judgment of the same court, rendered August 14, 1995.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by making the sentence imposed by judgment rendered March 26, 1996, run concurrently with the sentence imposed by judgment of the same court, rendered August 14, 1995; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court's *Sandoval* ruling was proper. The record demonstrates that the court engaged in a proper balancing between the probative value of the prior convictions for impeachment purposes and the prejudicial effect of such impeachment upon the defendant *(see, People v Sandoval,* 34 NY2d 371, 376).

However, the sentence imposed was excessive to the extent indicated herein. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.